IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM ROY STONE, JR.<br>JOSEPH EVENTINO DELEON | NO. 3:21-CR-236-E |

**GOVERNMENT'S RESPONSE TO DEFENDANT STONE'S MOTION FOR PRE-TRIAL HEARING ON ADMISIBILTY OF CO-CONSPIRATOR STATEMENTS**

Defendant William Roy Stone, Jr. filed a Motion for Pre-Trial Hearing on Admissibility of Co-Conspirator Statements. (Dkt. 70.) Though the Federal Rules of Evidence require a preliminary determination on the admissibility of co-conspirator statements, the Supreme Court and Fifth Circuit have routinely held that such determinations are best made during trial, generally during the government's case-in-chief. Accordingly, the courts have generally carried such statements through trial until a determination is made by the trial court on their admissibility. To conserve resources, avoid duplicative testimony, and lessen the burden on witnesses, the Court should deny this request as the courts that have considered these motions have routinely done.

## ARGUMENT

1. **There is no requirement to hold a pre-trial hearing to determine the admissibility of co-conspirators statements, and such hearings are routinely denied.**

Rule 801(d)(2)(E) of the Federal Rules of Evidence sets forth the admissibility of co-conspirator statements and provides that a "statement is not hearsay if it is offered against a party and is a statement by a co-conspirator of a party during the course and in

furtherance of the conspiracy." Through witness testimony and other evidence, the United States must demonstrate to the Court, by a preponderance of the evidence, that there was a conspiracy involving the declarant and the non-offering party, and that the statement was made during the course of and in furtherance of the conspiracy. *United States v. Bourjaily*, 483 U.S. 171 (1987); *United States v. Hall*, 500 F.3d 439, 443 (5th Cir. 2007). This determination is a question of fact governed by Rule 104(a) of the Federal Rules of Evidence, and the statements are admitted if the trial court determines that they fall within the definition of Rule 801(d)(2)(E).

In making its determination, the "court may consider the content of the statement at issue as a factual basis for these elements." *Hall*, 500 F.3d at 443 (citing *Bourjaily v. United States*, 483 U.S. 171, 181 (1987)). The Court need not conduct a separate pre-trial hearing on the admissibility of such a statement. *United States v. West*, 58 F.3d 133, 142 (5th Cir. 1995); *United States v. Ruiz*, 987 F.2d 243, 246 (5th Cir. 1993). Indeed in *Ruiz*, the Fifth Circuit endorsed the district court's practice of admitting a co-conspirator statement subject to being connected up later during trial, eliminating the need for any pretrial determination altogether. *Ruiz*, 987 F.2d at 246. In fact, while requests to hold pre-trial hearings to determine the admissibility of a co-conspirator's statement are often labeled *James* hearings after *United States v. James*, 590 F.2d 575 (5th Cir. 1979), the *James* court affirmed the district court's decision to *not* hold such a hearing. *James*, 590 F.2d at 582-83.

*Bourjaily* and its progeny have eliminated any need for, or utility of, a cumbersome pre-trial determination on admissibility. Since the offered statements

themselves can now be considered as predicate proof of the conspiracy and the threshold for admissibility so easily met, there is no need to saddle the court with a burdensome, time consuming, and unnecessary pretrial hearing. *See United States v. Acosta*, 763 F.2d 671, 679 (5th Cir. 1985) (upholding the district court's determination that "if we had to have a separate independent hearing insofar as the conspiracy is concerned, we in effect would be trying this lawsuit two times.")

Whether to hold a *James* hearing is in the district court's discretion, *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001), but the Fifth Circuit has consistently and summarily affirmed denials of requests for such hearings. *Ruiz*, 987 F.2d at 246; *United States v. Fragoso*, 978 F.2d 896, 900-01 (5th Cir. 1992); *West*, 58 F.3d at 142. And district courts routinely and summarily deny requests for *James* hearings. *E.g.*, *United States v. Santibanez*, No. 4:13-CR-266 (3), 2015 WL 13446784, at *1–2 (E.D. Tex. Aug. 17, 2015); *United States v. Hearns*, No. 4:13-CR-93 (2), 2015 WL 13357610, at *1-2 (E.D. Tex. July 1, 2015); *United States v. Fleifel*, 3:12-CR-318-D(3), 2014 WL 6633049, at *4 (N.D. Tex. Nov. 24, 2014); *United States v. Ritz*, No. 4:06CR276, 2007 WL 2329818, at *1 (E.D. Tex. Aug. 13, 2007); *United States v. Carroll*, No. 99-98, 2000 WL 45870, at *5 (E.D. La. Jan. 20, 2000). Even the defendant failed to cite a case granting a request for a *James* hearing, and the government has not been able to find one.

The government fully understands its burden to introduce co-conspirator statements and it will endeavor to establish the predicate early in the trial, though that is not required. As the Fifth Circuit held in *Fragoso*, "… under *Bourjaily* the court need not hold a *James* hearing outside the jury's presence. But even before *Bourjaily*, this court

**Government's Opposition to Defendants' Request for a *James* Hearing – Page 3**

had so held.  *United States v. Gonzalez*, 700 F.2d 196, 203 (5th Cir. 1983); *United States v. Whitley*, 670 F.2d 617, 620 (5th Cir. 1982); *United States v. Ricks*, 639 F.2d 1305, 1310 (5th Cir. 1981). *James* has never required a hearing outside the presence of the jury." *United States v. Fragosa*, 978 F.2d 896, at 899 (5th Cir. 1992).  "As a result, both before and after *Bourjaily* this court has approved district courts' practice of carrying a *James* motion through trial or at least through the presentation of the government's case until a determination of the existence of the Rule 801(d)(2)(E) facts can be made." *Fragoso*, at 900.

2.      **A *James* hearing is unnecessary and overly burdensome.**

The government has already produced many witness interviews, and hundreds of text messages and voice mails containing defendant and co-conspirator statements in discovery.  From these statements, the defendant has ample information to file targeted motions in limine or make trial objections.  The government has represented that it will take approximately five days to present its case in chief when this evidence will be offered.  If the Court sets a pretrial *James* hearing, not only would it provide a road map regarding its case not required by case law, statute, or rule of evidence, but it would likely take 2-3 days or more to conduct the *James* hearing.

Essentially, the defendant seeks a pretrial hearing for every government witness who would testify about a statement made by the co-conspirator, DeLeon.  (Motion, at 1.) That is not required under the Federal Rules of Evidence or criminal practice.  The government opposes providing a pretrial road map of each testifying witness.  Such a hearing would require many witnesses to testify, perhaps for several days, only to repeat

**Government's Opposition to Defendants' Request for a *James* Hearing – Page 4**

their testimony during trial. With the breadth of the conspiracy in this case, and the number of documents involved, such a hearing would be tantamount to a preliminary, potentially days-long trial only to replicate the testimony during the actual trial.

During the presentation of the government's case, the Court will be in a position to determine whether these statements are admissible—or in accordance with *Ruiz*, admit the statements subject to being connected up later during the trial. If the Court decides that any co-conspirator statements were not properly connected up—and such instances, if any, will be few and far between in the government's view— then the Court can instruct the jury to disregard those isolated statements assuming no other exception to the hearsay rules would apply. Our system presumes that juries follow the court's instructions, so this would cure any potential error or prejudice to the defendants.

**3.     The Defendant's motion for a pretrial hearing seeks a ruling on the alleged conspiracy.**

The defendant is, in effect, using this motion to retry his failed motion for severance. (Dkt. 51; Order, denying motion, Dkt. 53.) For example, in bold print, Stone states: "DeLeon neither admitted to nor confessed that he knew about any fake probation." (Motion, at 1.) Further, Stone states: "[i]n fact, DeLeon states the opposite multiple times that he thought the federal probation was real and that he was acting under the direction of Stone for that probation." *Id.* Further, Stone states: "DeLeon had yet to concede to any conspiracy despite his seemingly unwavering cooperation in assisting the government." (*Id.* at 2.) As the government previously responded to Stone's motion for severance, "[b]oth defendants actively controlled and monitored the victim's daily life, including having her divulge her assets to the defendants, having the victim grant DeLeon

a contingent power of attorney over the victim's financial affairs, requiring the victim to report all of her activities to the defendants on a daily basis, and requiring the victim to compensate the defendants for their so-called probation services." (Government's Response to Stone's Motion to Sever, Dkt. 52, at p. 2.)  DeLeon's so-called defense and his "seemingly unwavering cooperation" will factor into the jury's fact finding determination whether a conspiracy existed.  Moreover, the government anticipates that the underlying facts and conduct of the defendants regarding the alleged conspiracy will include statements made directly to the victim over the course of the years-long conspiracy, statements made by the defendants to other witnesses, and other non-testimonial evidence.

## CONCLUSION

Therefore, the government requests the Court deny the defendant's request for a *James* hearing and rather follow the Fifth Circuit's general practice of addressing whether a witness's testimony falls within Federal Rule of Evidence 801(d)(2)(E) at the time of trial testimony.

Respectfully submitted,

LEIGHA SIMONTON
United States Attorney

/s/ *Marcus Busch*
Marcus Busch
Assistant United States Attorney
Texas Bar No. 03493300
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8642
Facsimile: 214.659-8803

CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2023, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys who have consented in writing to accept this Notice as service of this document.

     /s/ *Marcus Busch*
     Marcus Busch
     Assistant United States Attorney

**Government's Opposition to Defendants' Request for a *James* Hearing – Page 7**